IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Alexandra Briyana Brice,  )<br>)<br>    Plaintiff,  )<br>)<br>v.  )<br>)<br>Bethany Retirement Living,  )<br>)<br>    Defendant.  ) | **ORDER DENYING MOTION**<br>**FOR RECONSIDERATION**<br><br>Case No.: 1:24-cv-00033 |

On November 6, 2024, Plaintiff Alexandra Briyana Brice ("Brice") filed a *Motion for Reconsideration*. (Doc. No. 14). She requests the court reinstate her retaliation claim previously dismissed by the court for failure to renew in the amended complaint. Bethany Retirement Living opposes Brice's motion, and requests the court deny the motion in its entirety. (Doc. No. 17). For the reasons articulated below, the court denies Brice's motion.

I.   **BACKGROUND**

Plaintiff Alexandra Briyana Brice ("Brice") initiated the above-entitled action pro se and in forma pauperis against her former employer, Bethany Retirement Living, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the North Dakota Human Rights Act. The court reviewed Brice's claim pursuant to 28 U.S.C. § 1915(e)(2) and found there was no cognizable claim under Title VII for sex discrimination and under ADEA for age discrimination.

On May 9, 2024, Brice was ordered by the court to file an Amended Complaint to address the deficiencies in her complaint, and to attach the Charge of Discrimination filed with the EEOC. (Doc. No. 7).

On July 11, 2024, Brice filed an amended complaint with the Charge of Discrimination and Right to Sue. (Doc. No. 10). The court reviewed Brice's amended complaint, and on October

21, 2024, issued an *Order to Answer and of Partial Dismissal*. (Doc. No. 11). The court ordered the Clerk's office to effectuate service of the summons, amended complaint, and the court's order upon Bethany Retirement Living, but dismissed Brice's retaliation claim, finding Brice failed to renew the claim in the amended complaint.

On November 6, 2024, Brice filed a *Motion for Reconsideration*. (Doc. No. 14). Brice requests the court reinstate her dismissed retaliation claim, arguing she was "misguided and misinformed" by her attorney who drafted the amended complaint and demand for jury trial.

On November 20, 2024, Bethany Retirement Living filed a response in opposition to Brice's motion. (Doc. No. 17). It argues Brice attempts to reargue and relitigate issues decided by the court and does not meet the requirements of Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). The court may analyze a motion to reconsider under 54(b), 59(e), or 60(b). *Avery v. E&M Services, LLC*, 342 F.R.D. 260, 265 (D.N.D. 2022); *see Karg v. Transamerica Corp.*, No. 18-CV-134-CJW-KEM, 2019 WL 9093998, at *2 (N.D. Iowa Nov. 7, 2019).

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b). The standard under Rule 54(b) is unclear but is considered less exacting than a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than a motion under Federal

Rule of Civil Procedure 60(b). *Avery*, 342 F.R.D. at 265 (citing *Allstate Ins. Co. v. Weber*, No. 1:05CV00039-WRW, 2007 WL 1427698, at *2 (E.D. Ark. May 11, 2007)). Under Rule 54(b), the court may amend or reconsider a ruling to correct "clearly" or "manifestly" erroneous findings of facts or conclusions of law. *Avery*, 342 F.R.D. at 265. However, a motion to reconsider "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm, Co.*, 791 F.3d 915, 923 (8th Cir. 2015); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019).

The court has broad discretion whether to grant or deny a Rule 59(e) motion. *Murchison v. North Dakota*, 1:10-cv-046, 2010 WL 3056646, at *2 (D.N.D. 2010). Rule 59(e) requires a motion to alter or amend judgment be filed no later than 28 days after entry of the judgment. FED. R. CIV. P. 59(e). Rule 59(e) motions correct "manifest errors of law or fact or to present newly discovered evidence." *Murchison v. North Dakota*, 1:10-cv-046, 2010 WL 3056646, at *2 (D.N.D. 2010) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). However, it cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Murchison*, 2010 WL 3056646, at *2 (quoting *Exxon Shopping Center Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008)).

Under Rule 60(a), the court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). On motion or by just terms, the court may relieve parties from a final judgment, or proceedings related to:

1) Mistake, inadvertence, surprise or excusable neglect;
2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) Fraud (whether previously called intrinsic of extrinsic), misrepresentation, or misconduct by an opposing party;
4) The judgment is void;

     5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
     6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). "Rule 60(b) provides extraordinary relief, which may be granted only upon a showing of exceptional circumstances." *Mitchell v. Shalala*, 48 F.3d 1039, 1041 (8th Cir. 1995); *Atkinson v. Prudential Ins. Co.*, 43 F.3d 367 (8th Cir. 1994).

### III. DISCUSSION

#### A. Rule 54(b)

The court is not convinced Brice meets the requirements of Rule 54(b), under which the court may reconsider rulings of "clearly" or "manifestly" erroneous findings of law. Here, Brice failed to reassert her retaliation claim in her amended complaint, though the court cautioned at the time it issued its screening order that "an Amended Complaint will become the operative pleading once filed and should therefore containall [sic] claims along with factual bases for them. Nothing outside of the Amended Complaint will be considered." (Doc. No. 7 at 13). Defendant may not now use a motion to reconsider as a vehicle to reassert her retaliation claim, which she could have, but did not, raise at the time she filed her amended complaint.

#### B. Rule 59(e)

Rule 59(e) is inapplicable as Brice attempts to reargue an issue decided by the court. While this rule permits the correction of manifest errors of law or fact or to present newly discovered evidence, it does not allow the relitigation of old matters, or for a party to raise arguments or present evidence which could have been brought prior to entry of a judgment. Here, Brice has not presented a reason she is entitled to relief under Rule 59(e). "Rule 59(e) is not designed to provide an avenue for a disappointed plaintiff to relitigate old matters." *Murchison v. North Dakota*, 1:10-

4

cv-046, 2010 WL 3056646, at *2 (D.N.D. 2010). Consequently, Rule 59(e) cannot provide the relief Brice seeks.

### C. Rule 60(b)

Under Rule 60(b), Brice must show exceptional circumstances exist to warrant extraordinary relief. Here, no such circumstances exist. As noted by Bethany Retirement Living, there was no clerical mistake, oversight or omission resulting in the dismissal of Brice's retaliation claim. Rather, Brice did not include the retaliation claim in her amended complaint, although as previously noted, the court cautioned her in its screening order that the Amended Complaint should contain all claims and their factual bases to be considered by the court. (*See* Doc. No. 7 at 13). Moreover, while Brice alleges that she was "misguided and misinformed" by her attorney, it is not clear that an attorney ever represented Brice in the above-captioned matter,[1] especially as no notice of appearance was filed and Brice appeared pro se and in forma pauperis. Brice also admits that while she received a draft amended complaint from alleged counsel, she revised the document, omitting the retaliation claim. (Doc. No. 14 at 1). Accordingly, the court is not inclined to find exceptional circumstances exist to warrant extraordinary relief in the form of the reinstatement of Brice's retaliation claim.

### IV. CONCLUSION

For the reasons articulated above, the court declines to reconsider and reinstate the dismissed retaliation claim. The *Motion for Reconsideration* (Doc. No. 14) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

---

[1] The record reflects Brice was represented by counsel during her case involving the North Dakota Board of Nursing.